[Crim. No. 2499.   Third Dist.   May 18, 1954.]

THE PEOPLE, Respondent, v. NORMAN WILSON, Appellant.

Milton L. Baldwin, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

VAN DYKE, P. J.—Defendant was convicted of the crime of incest committed with his sister. Section 285 of the Penal Code provides that: "Persons being within the degrees of consanguinity within which marriages are declared by law to be incestuous and void who . . . commit fornication or adultery with each other; are punishable by imprisonment in the state prison. . . ." Defendant appeals from the judgment and from an order denying a new trial.

Appellant urges that the evidence is insufficient to support the judgment, that he was not properly represented by counsel and that the court erred in its refusal to grant him a new trial.

The evidence is amply sufficient to support the judgment. Four persons went to a house in which they found the defendant and his sister in bed with each other. The essence of the contention of appellant is that there was no proof of penetration. However, one of the four men testified that he observed that penetration had taken place. There is nothing inherently incredible in his testimony, although it is attacked upon that ground, the argument being that his position at the bedside was such that he could not have seen what he said he saw. The evidence will not sustain such a contention. It was entirely possible that he could have seen what he said he saw and his positive testimony that he did so is sufficient to prove the element claimed to be absent. It is not contended that any other essential element of the crime was not adequately proved.

Likewise insupportable is the contention of appellant that he was not properly represented by counsel. On the contrary, the transcript is replete with proof that he was well represented and that his counsel faithfully brought out every fact and inference that was favorable to him. The People's witnesses were rigorously cross-examined and any weaknesses in their direct testimony were exposed and commented upon.

Also untenable is the contention that the trial court abused its discretion in refusing a new trial. Principally the motion for new trial was grounded upon a claim that the sister had written two letters to the appellant after he had been charged with the crime of incest in which she made statements that the People had no real case against the appellant. But it appears that these letters were by the appellant exhibited to counsel, and it was counsel's opinion that there was nothing therein which would advantage the appellant's cause had they been introduced in evidence at the trial. Such differences frequently arise and generally counsel has the right of it. At any rate the evidence was not newly discovered and the showing is far from sufficient to warrant a holding that the trial court abused its discretion in denying the motion.

Nothing further appearing, the judgment and the order are affirmed.

Peek, J., and Schottky, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 16, 1954.